IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO ALCAZAR, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 10-3940 |
| AVONETTE LTD., and OCEANSTAR MANAGEMENT, INC., | § § § | |
| Defendants. | § | |

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Pending is Defendants Avonette Limited's and Oceanstar Management, Inc.'s Motion for Summary Judgment (Document No. 43), to which Plaintiff Gerardo Alcazar has filed his response in opposition. After having reviewed and carefully considered the motion, response, the parties' additional filings, and their oral arguments, the Court concludes that the motion must be denied.

It appears from uncontroverted summary judgment evidence that Hold No. 2 on the vessel had four separate ladderways extending from the T'ween deck down to the tank top. Accessway No. 2, located in Hold No. 2 at the forward starboard bulkhead, had a ladderway from the T'ween deck leading downward to a platform; and from that platform, except on this occasion, a lower ladderway leading from the platform down to the tank top. Because the lower ladder and its upper handrails had been damaged in a previous port,

the vessel had removed the lower ladderway and upper handrails that extended from the platform to the tank top before the vessel docked at the Port of Houston. Plaintiff was injured when, after descending the upper ladderway from the T'ween deck to the platform, he evidently then fell from the platform down to the tank top.

The Longshore and Harbor Workers' Compensation Act ("Act") provides limited circumstances under which an injured longshore worker may recover from a vessel for injuries sustained while engaged in his work. The Act does provide, however, that if a covered injury is caused by the negligence of a vessel, an action is permitted unless "the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel." 33 U.S.C. § 905(b). The Act has been construed to permit liability under three circumstances:

    (1) if the vessel owner fails to warn on turning over the ship of hidden defects of which he should have known;

    (2) for injury caused by hazards under the control of the ship; and

    (3) if the vessel owner fails to intervene in the stevedore's operations when he has actual knowledge both of the hazard and that the stevedore, in the exercise of obviously provident judgment, means to work on in the face of it, and therefore cannot be relied upon to remedy it.

Robinson v. Orient Marine Co. Ltd. 505 F.3d 364, 365 (5th Cir. 2007), citing Pimental v. LTD Canadian Pacific Bul, 965 F.2d 13, 15 (5th Cir. 1992). Plaintiff contends that Defendants breached the first two of these "Scindia" duties. See Scindia Steam Navigation Co. v. De Los Santos, 101 S. Ct. 1614 (1981).

In considering a motion for summary judgment, all justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). Thus, even though Defendants here point to substantial evidence weighing in their favor on the ultimate issues, the Court is constrained on summary judgment not to weigh conflicting evidence but to draw all reasonable inferences in the light most favorable to Plaintiff. See e.g., Dow v. Oldendorff Carriers GmbH & Co., 387 F. App'x 504, 2010 WL 2930806 (5th Cir. July 22, 2010), affirming judgment for defendants on the merits after trial, where the trial court earlier had denied defendant's motion for summary judgment, concluding that the court would "be in the best position after considering all of the evidence adduced at trial to make a determination as to whether any of the Scindia duties were breached and whether and to what extent such a breach was the cause of [plaintiff's] injuries." Dow v. M/V Irene Oldendorff, et al., No. 2-07-CV-9356, Doc. No. 72, at *7 (E. La. Sept. 24, 2009) (Zainey, J.)(Order and Reasons).

After applying the summary judgment standard, the Court finds that there are underlying fact issues on whether Defendants retained active control over Accessway No. 2, from which they had removed the lower ladder; whether Defendants had turned over to Shipper's Stevedoring Company ("SSC") (Plaintiff's employer) the entirety of Hold No. 2, before Plaintiff fell; whether the missing lower ladder from the platform to the tank top, when Hold No. 2 was turned over to SSC, was a hidden defect requiring Defendants to give a warning to SSC, or was a defect that was open and obvious to a skilled and competent stevedore; whether Defendants when they turned over Hold No. 2 to SSC, had in place at Accessway No. 2 a security seal on the hatch opening to the lower ladder under the T'ween Deck; whether the security seal, if any, on the hatch at Accessway No. 2 was broken by the vessel's crew or by any of SSC's employees after Hold No. 2 was turned over to SSC; and, if Defendants retained substantial control over Accessway No. 2, whether they failed to exercise reasonable care for the safety of workers in that area of the vessel. These and other disputed issues of fact demonstrate that genuine issues of material fact exist on whether Defendants breached their active control duty and/or whether Defendants breached their turnover duty to Plaintiff, which the Court cannot resolve on summary judgment. Accordingly, it is

ORDERED that Defendants Avonette Limited's and Oceanstar Management, Inc.'s Motion for Summary Judgment (Document No. 43) is DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 2nd day of July, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE